**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA ex rel.** | **)** | |
| **THE TARBELL GROUP, LLC,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | **Case No: 5:24-cv-46-EKD-JCH** |
| **v.** | **)** | |
| | **)** | |
| **SIMBECK, INC.,** | **)** | |
| **MICHAEL J. DARNELL, JR., and** | **)** | |
| **BARBARA K. DARNELL,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## REPLY OF DEFENDANTS TO RELATOR'S OPPOSITION

Come Now, Defendants, Simbeck, Inc., Michael J. Darnell, Jr., and Barbara K. Darnell who, together and individually, respectfully reply to the Relator's opposition to their Motion to Dismiss. The Relator argues that the first amended complaint is pled with particularity and is not barred by the False Claims Act's Public Disclosure Bar. The Relator also argues whether Simbeck, Inc.'s bankruptcy status changed prior to receiving its second PPP loan is irrelevant because it misrepresented its bankruptcy status in its application for its first PPP loan. As set forth below, the Relator's contentions should be rejected and the amended complaint dismissed.

**I.      The First Amended Complaint is Not Pled With Particularity**

Relator initially filed a bare bones complaint alleging that Simbeck, Inc. violated the False Claims Act for allegedly fraudulently obtaining PPP loans on June 28, 2024. ECF 1. After the United States declined to intervene in April, 2025 (ECF 11 & 12), Relator filed an amended complaint on August 29, 2025 adding Michael J. Darnell, Jr. and Barbara K. Darnell as defendants (ECF14)—seemingly because Relator recognized that Defendant Simbeck, Inc. was no longer an ongoing entity and therefore judgement proof. The minor differences between

1

Relator's original and amended complaints highlight that neither complaint is pled with the particularity required by Rule 9(b).

Paragraph 4 of the amended complaint reads identically to the Relator's initial complaint except it further alleges that "Simbeck at all relevant times operated under the direction and control of the other defendants." Compare ECF 1, ¶4 (Complaint) and ECF 14, ¶4 (First Amended Complaint). Paragraph 5 of the amended complaint alleges Michael Darnell "was at all relevant times the president and director of Simbeck" and Paragraph 6 alleges Barbara Darnell "was at all relevant times the secretary and treasurer of Simbeck." It also includes their address.[1] In the section of the complaint regarding the cause of action, the Relator, in its amended complaint, changed it general allegations regarding the making of false claims from "Simbeck and its officers, employees, or agents did knowingly" make false representations (or words to that affect) to "Each Defendant did knowingly" make false representations (or words to that affect). Compare Paragraphs ¶¶14-16 (Amended Complaint) to Paragraphs ¶¶12-14 (Complaint).[2]

That is, Defendants Michael Darnell and Barbera Darnell appear to have been added to the amended complaint because they were principals or officers of Simbeck, Inc. and because of this status must have falsely certified that Simbeck was "not presently involved in any bankruptcy." This does not establish the "who" necessary to plead fraud with particularity. *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 199 (4th Cir. 2022).

---

[1] This information appears to be from a search of the Virginia State Corporation Commission website, which provides this identical information when an entity search is conducted through the Virgina Corporation Commission Clerk's Information System at VIRGINIA - SCC.

[2] Paragraphs ¶¶7-11 of the amended complaint coincide exactly to paragraphs ¶¶5-9. Compare ECF 14 (Amended Complaint) and ECF 1 (Amended Complaint).

In *United States v. Jones*, the district court for the Northern District of California addressed a similar situation and granted defendants' motion to dismiss with prejudice. *United States v. Jones*, N.D. Cal. No. 22-CV-03954-LB, 2025 WL 3240804, at *2 (N.D. Cal. Nov. 20, 2025).  In *Jones*, the *qui tam* relator, Relator LLC, a corporate relator like Tarbell Group LLC, purported to blow the whistle on Creditcorp, a Tennessee Corporation, and its owner, CEO, and director William Allen Jones, alleging the defendants made a fraudulent application for PPP loans. The district court found the complaint lacked particularity where the complaint "fails to identify which allegation of fraud pertains to which defendant, instead lumping Creditcorp and defendant Jones together in the complaint. Without evidence of an alter ego relationship, the plaintiff has not pleaded the 'who' of its claim with particularity." *Id. United States v. Jones*, N.D. Cal. No. 22-CV-03954-LB, 2025 WL 3240804, at *2 (N.D. Cal. Nov. 20, 2025). Similarly, the amended complaint here lumps all three defendants together making conclusory assertions, without making any claim Mr. Darnell and Ms. Darnell were alter egos of the corporation, that each defendant made false assertions as to Simbeck's bankruptcy status. As in *Jones*, the amended complaint should be dismissed.

Further, the bare assertion that the defendants, especially as to Mr. Darnell and Ms. Darnell, knowingly defrauded the government by misrepresenting Simbeck, Inc.'s bankruptcy status on PPP loan applications fails to meet Rule 9(b)'s heightened pleading requirement where "'bare assertions' of knowledge 'are conclusory and not entitled to be assumed true.'" *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 199 (4th Cir. 2022)(upholding district court's dismissal of FCA action under Rule 8 and Rule 9(b))(citing *Ashcroft v. Iqbal*, 562 U.S. 662, 681 (2009). While Rule 9(b) indicates scienter can be pled generally, "[i]t does not give [plaintiff] license to evade the less rigid—though still operative—strictures of Rule 8." *Id.* (citing *Iqbal*,

556 U.S. at 686–87). That is, "as the Supreme Court assiduously made clear in *Iqbal*, Rule 8 'do[es] not require courts to credit a complaint's conclusory statements.'" *Id.* (citing *Iqbal*, 556 U.S. at 686–87).

> As stated by the Fourth Circuit, Rule 9(b) serves other purposes as well:

> First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of.... Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

> *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999).

Focusing on the second and fourth reasons for Rule 9(b) set forth in *Harrison*, Rule 9(b) is meant to foreclose frivolous actions and protect defendants' goodwill and reputation—it cannot be the case that because someone is an officer or executive of a corporation that person, by virtue thereof, is responsible under the FCA for any fraud allegedly perpetrated by the corporation. This is nothing more than supposition. The amended complaint fails to meet the heightened pleading requirement of Rule 9(b), nor should it survive Rule 8 scrutiny. *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 193 (4th Cir. 2022)(conclusory "assertions do not permit us 'to infer more than the mere possibility of misconduct,' which necessarily 'stops short of the line' required by Rule 8, and thus far short of that required by Rule 9.").

The amended complaint should be dismissed with prejudice.

## II.      Public Disclosure Bar

The Relator argues that the FCA's Public Disclosure Bar is inapplicable because neither the PPP loan data available through the SBA's website nor the defendants' bankruptcy court proceedings address the defendants' alleged fraud—i.e. purportedly misrepresenting on the PPP loan application that Simbeck, Inc. was not presently involved in a bankruptcy. Opposition at 7-

4

9. The Relator further argues that neither the PPP loan data nor the bankruptcy proceedings should not qualify as public disclosures as contemplated by the Public Disclosure Bar. Opposition at 10-11.

### *PPP Loan Data Available through SBA.gov*

The Relator does not rely on being an "original source" as an exception to the FCA's Public Disclosure Bar. Opposition at 7. It contends the publicly available PPP loan data does not state that Simbeck, Inc. wrongly certified it was presently involved in a bankruptcy and therefore the FCA disclosure does not apply. *Id.* at 7-8. While the publicly available PPP data does not specifically state Simbeck, Inc. or the other defendants wrongly certified Simbeck, Inc. was not presently involved in a bankruptcy, the Relator's complaint relies entirely on public information subject to the bar to make its allegations.

The PPP loan data available through SBA.gov provides 1) the relevant loan numbers, 2) the date of the loans approvals, 3) the borrower's name and address (i.e. Simbeck, Inc.), 4) the loan status indicating that the loans were "charged off" (meaning they were charged off in bankruptcy), 5) and the loan amounts amongst other information.[3] All of this information is contained in Relator's amended complaint and essential to it.

The fact that Simbeck, Inc. had filed a voluntary petition under Chapter 11, as alleged in the amended complaint,[4] on October 1, 2019 and which matter was closed on June 27, 2022, was

---

[3] The relevant SBA loan data can be downloaded in full through https://data.sba.gov/dataset/8aa276e2-6cab-4f86-aca4-a7dde42adf24/resource/c1275a03-c25c-488a-bd95-403c4b2fa036/download/public_150k_plus_240930.csv and is key word searchable. This data can also be located through PandemicOversight.gov its "PPP Dashboard" webpage at https://pandemicoversight.gov/data interactive-tools/dashboards-datasets/ppp-dashboard#pppdashboard.

[4] ECF 14 at ¶4.

publicly disclosed through PACER. Importantly, it should also be noted that the fact of Simbeck, Inc.'s had filed Chapter 11 bankruptcy petition was broadcast through publicly available websites that qualify as news media under the FCA's Public Disclosure Bar.[5] *See e.g. United States ex rel. Shea v. Verizon Communications, Inc.,* 160 F. Supp. 3d 16, 25 (D.D.C. 2015), *aff'd sub nom. United States ex rel. Shea v. Cellco P'ship*, 863 F.3d 923 (D.C. Cir. 2017)("Defendants assert, and Plaintiff does not contest, that 'websites that are available to the general public are 'news media' for purposes of the public disclosure bar.'").

That is, all the essential elements of Relator's fraud claim were entirely in the public domain, barring this suit. In *United States ex rel. Shea v. Verizon Communications*, *Inc.*, the district court for District of Columbia found addressed where the public disclosures come from different qualifying sources. The district court, citing D.C. Circuit precedent, stated "the test for public disclosure as follows: '[I]f $X + Y = Z$, Z represents the *allegation* of fraud and X and Y represent its essential elements. In order to disclose the fraudulent *transaction* publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, *i.e.,* the conclusion that fraud has been committed.'" *United States ex rel. Shea v. Verizon Communications, Inc.*, 160 F. Supp. 3d 16, 25 (D.D.C. 2015), *aff'd sub nom. United States ex rel. Shea v. Cellco P'ship*, 863 F.3d 923 (D.C. Cir. 2017)(citing *U.S. ex rel. Springfield Terminal Ry. Co. v. Quinn,* 14 F.3d 645, 654 (D.C. Cir. 1994)).

In this context, if X represents the government-provided PPP loan data (including the fact that the loans were discharged in bankruptcy) and Y refers to Simbeck's publicly filed Chapter 11 petition submitted before Simbeck, Inc. obtained the loans, then such information was entirely

---

[5] *See* www.Inforuptcy.com (Case number: 5:19-bk-50868 - Simbeck, Inc. - Virginia Western Bankruptcy Court) and www.pacermonitor.com (Simbeck, Inc. Bankruptcy (5:19-bk-50868), Virginia Western Bankruptcy Court).

6

accessible to the public through qualifying sources under the public disclosure bar, precluding the Relator's claim.

Relator argues it is an "open question" as to whether PPP loan data available or findable through official government websites constitutes a public report for purposes of the public disclosure bar. Opposition at 10. The Relator concedes that the defendants cited one district court holding this loan data made available or findable through official government websites does constitute a public report for purposes of the FCA disclosure bar. *United States ex rel. Relator, LLC v. Kootstra*, E.D. Cal. No. 1:22-CV 00924-TLN-CDB, 2024 WL 3666470, at *4 (E.D. Cal. Aug. 6, 2024). However, the authority for this proposition is strong and growing as several other district courts have come to the conclusion this same data is a federal report for purposes of the FCA public disclosure bar. *See United States ex rel. Relator LLC v. Sunshine*, C.D. Cal. No. 8:23-CV-00134-JVS-ADS, 2025 WL 2428470, at *4 (C.D. Cal. June 30, 2025)("Other courts have found—and this Court agrees—that PandemicOversight.gov constitutes a "Federal report" within the meaning of the FCA")(citing *United States ex rel. Relator LLC v. Kellog*, 2025 WL 897439, at *3 (S.D. Cal. Mar. 24, 2025) and *United States ex rel. Relator, LLC v. Kootstra*, 2024 WL 3666470, at *3 (E.D. Cal. Aug. 6, 2024); *Feduccia v. I.C.E. Services, Inc.*, D. Alaska No. 3:24-CV-00276-SLG, 2025 WL 3251221, at *9, n. 92 (D. Alaska Nov. 21, 2025)(noting "other district courts have held that the PandemicOversight.gov website qualifies as a 'federal report' under the public disclosure bar")(collecting cases); *United States ex rel. Relator LLC v. Erskine*, Case No. 22:CV-1158-LL-AHG, 2025 WL 796621, at *4 (S.D. Cal. Feb. 25, 2025)("The PandemicOversight.gov website is maintained by the Pandemic Response Accountability Committee and gives information to the general public on pandemic program spending, including data on PPP loans forgiven. It states on a banner at the top of each page that it is an

7

official website of the United States government. The website thus satisfies the broad ordinary meaning of a federal report").

The loan data available through SBA.gov and findable through PandemicOversight.gov are federal reports under the public disclosure bar. *United States v. Pape*, N.D. Cal. No. 24-CV-01001-RFL, 2025 WL 3707557, at *4 (N.D. Cal. Dec. 22, 2025)("SBA.gov (and its predecessor PandemicOversight.gov) are indeed federal reports under Section 3730(e)(4)(A)(ii)"). The amended complaint should be dismissed with prejudice.

### *The Bankruptcy Proceeding*

The Relator contends that the government was not a party in the bankruptcy matter and that the bankruptcy proceedings did not reveal the fraud underpinning the amended complaint. Opposition at 7-9. The Relator also speculates that Simbeck, Inc. may have misled the bankruptcy court by possibly omitting the PPP loan application from loan documents submitted through counsel to obtain the court's approval of the loan, obfuscating Simbeck, Inc.'s ineligibility for the loan—despite Simbeck, Inc. serving the motion on the SBA via the Department of Justice, the lender, the civil process clerk of the U.S. Attorney's Office for the Western District of Virginia, and numerous creditors.[6]

Defendants largely rest on their initial pleading that SBA and lender, which was no doubt the agent of the SBA, should be deemed as parties to the bankruptcy proceeding or at least to Simbeck, Inc.'s motion to incur debt *nunc pro tunc* where they were given notice, an opportunity to object, and they did not. The SBA and lender should be viewed as "parties in interest" to the

---

[6] *See* Motion of Debtor-in-Possession for Authority to Incur Debt Nunc Pro Tunc to May 19, 2020 at 3 (certificate of service). Exhibit 1 Defendant's Motion to Dismiss. The certificate of service identifies the entities being served with the motion as parties, but defendants recognize that the certificate of service by bankruptcy counsel does not resolve this issue.

bankruptcy proceedings. 11 U.S.C. § 1109. ("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter."). Whether a party in interest in a bankruptcy proceeding should be viewed as a party "in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party" as contemplated by the public disclosure bar under Section 31 U.S.C. § 3730(e)(4)(A)(i), the defendants recognize is not clear.

### III.    Second Draw PPP Loan

The Relator argues in its opposition and cites authority that Simbeck, Inc. was not entitled to its first draw PPP loan because it was presently involved in a bankruptcy. Therefore, Simbeck was not entitled to a second draw PPP loan even if its bankruptcy status had changed. Opposition at 11.

Even if the Relator is correct in its opposition, the amended complaint alleges in paragraph 11 that "Under the direction and control of the other defendants, Defendant Simbeck applied and received approval for a second-draw PPP Loan on March 16, 2021 (loan number2907178602), in the amount of $871,338.80, and received said PPP Loan. At the time, Simbeck was involved in bankruptcy proceedings and therefore ineligible to receive the loan. SBA has charged off Simbeck's second-draw loan." The gravamen of Plaintiff's amended complaint is that Simbeck, Inc. was involved in bankruptcy proceedings at the time it applied for and received the second PPP loan. As set forth in Defendants' Motion to Dismiss, based on SBA guidance, Simbeck was not involved in a bankruptcy proceeding when it received its second PPP loan.

9

Respectfully submitted,
SIMBECK, INC.,
MICHAEL DARNELL, JR.
BARBARA DARNELL
By Counsel

_____/s/_____
Joseph King (VSB# 65632)
King, Campbell, Poretz & Mitchell, PLLC
118 North Alfred Street
Alexandria, VA 22314
(703) 683-7070
jking@kingcampbell.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of January, 2026, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                    /s/
                Joseph King